DOWNEY, Judge.
Appellant, Fred B. Harney, appeals from that portion of an amended final judgment awarding appellee, First American Bank of Palm Beach County, $29,767.24, including interest. Other portions of the final judgment favorable to appellee are not contested.
Unfortunately, the record presented leaves a great deal to be desired. While the issues involved are not complex, the pleadings and proof, as presented, make resolution of the issues difficult. Demonstrative of this difficulty is the fact that the parties do not really agree on the theories of law and issues to be resolved.
After marshalling the facts reflected by the record in a fashion most compatible with the judgment, it appears that Harney opened an account with First American Bank with a deposit of $700. Shortly thereafter, Harney drew a check on Jupiter-Tequesta National Bank (referred to herein as The Lighthouse Bank) for $28,000 payable to himself. That check was deposited in the First American Bank on April 15, 1982. Although Harney did not apprise First American Bank that there were insufficient funds in The Lighthouse Bank account to cover the check, Strickland, the bank officer handling the deposit, had one of the bank tellers call The Lighthouse Bank to determine whether the check was good, and he was advised that it was not. Strickland advised Harney that the check was not good, that the bank would automatically put a three-day hold on the account, and that no checks against the account would be paid during that period. Harney told Strickland that he had written a check for $20,000 against the $28,000 deposit payable to a broker, Hamel, but he did not want the check paid immediately since he did not have the funds to cover it yet. Harney told Strickland that a three-day hold would be adequate. The holding period was effective beginning Thursday, April 15th, and it ended three banking days later on Monday, April 19th. In the mean *461 time, the $28,000 check had been returned to First American Bank by The Lighthouse Bank as unpayable. To Harney’s dismay, the $20,000 check (to Hamel) was paid by another branch of First American Bank on Tuesday, April 20th. The First American Bank then commenced this suit to recover the amount paid against uncollected funds.
There were only two witnesses presented, Strickland (the bank officer) and Har-ney, who was called as an adverse witness by First American Bank. There is evidence, albeit conflicting on some points, that supports the judgment for First American Bank on the basis that the bank initiated the three-day hold on the account, that the three-day hold expired prior to payment of the check in question and, thus, Harney is liable under its contract with the bank for overdrafts on his account.
Therefore, we hold that appellant has failed to demonstrate reversible error and affirm the judgment appealed from.
AFFIRMED.
HURLEY, J., concurs.
WALDEN, J., dissents with opinion.